IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

RONNA HUNTER

Plaintiff,

v.

TEN MILE CREEK OWNERS ASSOCIATION,

Defendant.

## COMPLAINT AND JURY DEMAND

The Plaintiff, Ronna Hunter, by and through her undersigned attorneys, ZANER HARDEN LAW, LLP, hereby submits the following Civil Complaint and Jury Demand and asserts:

## JURISDICTION AND VENUE

1. At all times relevant to this action, the Plaintiff, Ronna Hunter (hereinafter referred to as "Plaintiff"), resided in the State of Missouri.

2. Upon information and belief, at all times relevant to this action, the Defendant, Ten Mile Creek Owners Association (hereinafter referred to as "Defendant"), was and is incorporated as a nonprofit corporation in the State of Colorado with authorization to conduct business in the State of Colorado. Defendant's principal place of business is located at 1691 County Rd. 8952, Granby, CO 80446. Defendant's registered agent is Philip Brinkmann, 1691 County Road 8952, Granby CO 80446.

3. As Plaintiff is domiciled in Missouri and Defendant is domiciled in Colorado, there is complete diversity.

4. Upon information and belief, this action arises out of a trip and fall incident that occurred on or about September 27, 2020, in Summit County, Colorado, at a property managed by Defendant, located at 200 Granite St., Frisco, CO 80443 (hereinafter referred to as the "Premises").

5. Due to the incident, Plaintiff received, *inter alia*, bilateral knee surgery, a broken nose, and right shoulder surgery. Plaintiff claims injury to the head, nose, both knees, the right shoulder, the right hand, the neck, and the low back. Given that, Plaintiff contends that this case exceeds the $75,000 jurisdictional threshold.

## **FACTUAL ALLEGATIONS**

6. Upon information and belief, at all times relevant to this action, Defendant was a statutory "landowner" under C.R.S. § 13-21-115, responsible for the condition of the Premises, as well as any activities conducted or circumstances existing on the Premises.

7. Upon information and belief, at all times relevant to this action, Defendant was responsible for maintaining the sidewalk in front the "Laundry" area.

8. On or about September 27, 2020, at approximately 8:15-8:30 p.m., Plaintiff was walking on the sidewalk in front of the "Laundry" area of the Premises when her right foot caught on a step (hereinafter referred to as "the incident"). The step is depicted below during the day:



9. At the time of the incident, Plaintiff had rented the condominium unit, 200 Granite St., #317, Frisco CO 80443 through VRBO.

10. The step depicted in par. 8 (hereinafter referred to as "the step") was painted yellow at the time of the incident.

11. The step was cracked as depicted in par. 8 at the time of the incident.

12. At the time of the incident, there was very little lighting which fell onto the step.

13. As a result of par. 12, the step was difficult to see at the time of the incident.

14. At the time of the incident, the yellow paint on the step was faded.

15. The conditions of the step at night are depicted in the following photograph:

3



16. At the time of the incident, it was night.

17. After the incident, the lighting outside of the "Laundry" area was modified and this modification increased the lighting on the step.

18. At the time of the incident, Plaintiff was a statutory invitee.

19. A single, cracked step hidden in darkness is a well-known dangerous condition.

20. At all times relevant to this action, Defendant had a duty to exercise reasonable care in maintaining the sidewalk in front of the "Laundry" area.

21. At all times relevant to this action, Defendant was to use reasonable care to ensure the safety of invitees traversing the Premises.

22. At all times relevant to this action, Defendant knew, or should have known, that invitees such as Plaintiff would be utilizing the sidewalk in front of the "Laundry" area.

4

23. At all times relevant to this action, Defendant knew, or should have known, that a cracked step hidden in darkness would be a dangerous condition.

24. Plaintiff was not comparatively negligent at the time of the incident.

25. Plaintiff did not cause her incident-related injuries.

26. Defendant's failure to maintain the Premises in a reasonably safe condition was the direct and proximate cause of Plaintiff's incident-related injuries and damages.

27. As a direct and proximate result of the aforementioned incident, Plaintiff incurred past and future economic expenses, losses, and damages, including, but not limited to, medical expenses, rehabilitation expenses, and other economic losses.

28. As a direct and proximate result of the aforementioned incident, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages, including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional stress, and impairment of quality of life.

29. As a direct and proximate result of the aforementioned incident, Plaintiff has suffered, and will continue to suffer in the future, physical impairment and disfigurement.

## **FIRST CLAIM FOR RELIEF**

### **Statutory Premises Liability pursuant to C.R.S. § 13-21-115**

30. Plaintiff incorporates herein by this reference the allegations set forth with specificity in the preceding paragraphs of this Civil Complaint and Jury Demand, as if set forth *verbatim*.

31. Defendant, as a "landowner" of the Premises, had a duty to use reasonable care to maintain the Premises in a reasonably safe manner on the date and place set forth above, pursuant to C.R.S. § 13-21-115.

32. At all times relevant to this action, Plaintiff was an "invitee" of the Premises.

33. At all times relevant to this action, Plaintiff walking on the sidewalk near the door marked "Laundry" was foreseeable, as were Plaintiff's resulting injuries.

34. At all times relevant to this action, Defendant knew, or should have known, that a dangerous condition existed at the place set forth above on the Premises.

35. At all times relevant to this action, Defendant had a duty to use reasonable care to protect invitees, such as Plaintiff, against dangerous conditions on the Premises.

36. Defendant failed to use reasonable care to protect Plaintiff against the Premise's dangerous condition in the following respects:

   a. Failure to ensure the step riser height was within code or otherwise safe;
   b. Failure to have sufficient lighting to illuminate the step;
   c. Failure to have reflective materials or visible yellow paint on the step;
   d. Failure to display any warnings concerning the step;
   e. Failure to repair the crack in the step;
   f. Failure to remove the step and install a ramp because the step serves no tangible purpose;
   g. Failure to properly supervise the individuals tasked with inspecting and maintaining the Premises;
   h. Failure to properly train the individuals tasked with inspecting and maintaining the Premises; and
   i. Failure to have established policies on inspection and maintenance concerning the area near the "Laundry" door.

37. Defendant's above-referenced failure to exercise reasonable care to protect Plaintiff from the dangers discussed above was a direct and proximate cause of Plaintiff's injuries.

38. Defendant's breach of the aforementioned duties caused Plaintiff to sustain past and future damages as indicated above.

## SECOND CLAIM FOR RELIEF

### Negligence

39. Plaintiff incorporates herein by this reference the allegations set forth with specificity in the preceding paragraphs of this Civil Complaint and Jury Demand, as if set forth *verbatim*.

40. Defendant had a duty of care to manage and maintain its Premises in a manner that provides a safe environment.

41. Defendant breached its duty of care to manage and maintain their premises in a manner that provides a safe environment in the following ways:

   a. Failure to ensure the step riser height was within code or otherwise safe;

   b. Failure to have sufficient lighting to illuminate the step;

   c. Failure to have reflective materials or visible yellow paint on the step;

   d. Failure to display any warnings concerning the step;

   e. Failure to repair the crack in the step;

   f. Failure to remove the step and install a ramp because the step serves no tangible purpose;

   g. Failure to properly supervise the individuals tasked with inspecting and maintaining the Premises;

      h. Failure to properly train the individuals tasked with inspecting and maintaining the Premises; and

      i. Failure to have established policies on inspection and maintenance concerning the area near the "Laundry" door.

42. Defendant's breach of the aforementioned duties caused Plaintiff to sustain past and future damages as indicated above.

## JURY REQUEST

Trial to a jury of six (6) is requested on all issues so triable.

**WHEREFORE**, Plaintiff, Ronna Hunter, prays for judgment against Defendant, Ten Mile Creek Owners Association, in an amount to be determined by the trier of fact for Plaintiff's losses as set forth above and for costs, expert witness fees, filing fees, pre- and post-judgment interest, and such other further relief and the Court may deem appropriate, just, and proper.

Respectfully submitted this 1st day of June, 2022.

ZANER HARDEN LAW, LLP

*/s/ Joseph Woelkers*
Joseph Woelkers
ZANER HARDEN LAW, LLP
1610 Wynkoop St. #300
Denver, CO 80202
Telephone: 303-563-5354
Fax: 303-563-5351
Email: jw@zanerhardenlaw.com
*Attorney for Plaintiff*